**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILFREDO FARQUHARSON,** | : | **CIVIL NO. 1:CV-11-00708** |
| **Petitioner** | : | **(Judge Rambo)** |
| v. | : | |
| **ERIC HOLDER, et al.,** | : | |
| **Respondents** | : | |

## M E M O R A N D U M

Wilfredo Farquharson, presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison in York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 14, 2011, seeking release from continued indefinite detention pending removal from the United States. (Doc. 1.) For the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

I. **Factual Background**

Petitioner, a native and citizen of Jamaica, is subject to a final order of removal from the United States entered on September 14, 2010, which he does not contest. (Doc. 1 at 2.) ICE took custody of him on April 1, 2010. (*Id*. at 4.)

Petitioner indicates that, to date, ICE has been unable to remove him to Jamaica. (*Id*.) He represents that he would not pose a threat to society and is not a flight risk. (*Id*. at 5.) He argues that he has been in custody for more than six months and is seeking release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id*. at 701. If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that

showing." *Id*. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Following *Zadvydas*, regulations were promulgated to meet the criteria established by the United States Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien when the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

In the instant case, the mandatory detention period has expired, and jurisdiction to make a determination concerning Petitioner's custody now lies with either the district director or the HQPDU. In fact, Petitioner asserts in his petition

that a custody review was scheduled for April 13, 2011.[1] (Doc. 1 at 4.) Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. § 241.13.  ICE shall respond to the request within thirty days.

    Having referred the issue of release to the government for disposition under existing review procedures, the petition will be denied.  An appropriate order will issue.

                                                          s/Sylvia H. Rambo  
                                                          United States District Judge

Dated:  April 20, 2011.

---

[1] Petitioner does not indicate whether the district director or the HQPDU is conducting his custody review.  His assertion, however, confirms that jurisdiction lies with one of these entities.

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILFREDO FARQUHARSON,** | : | **CIVIL NO. 1:CV-11-00708** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **ERIC HOLDER, et al.,** | : | |
| Respondents | : | |

### O R D E R

**AND NOW**, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Petitioner with a response to his request within thirty (30) days of this order.

2) The Clerk of Court is directed to serve a copy of the petition and this order on the Respondents and the United States Attorney.

3) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

4) The Clerk of Court is directed to **CLOSE** this case.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: April 20, 2011.